IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID A. SCHLEMM,

                         Plaintiff,                              OPINION AND ORDER

     v.

                                                          21-cv-331-wmc

LARRY FUCHS, LUCINDA BUCHANAN,
JUSTIN S. RIBAULT, JEANIE M. KRAMER
and STEPHEN MURPHY,

                         Defendants.

---

     *Pro se* plaintiff David Schlemm, who currently is incarcerated at the Wisconsin Secure Program Facility ("WSPF"), is proceeding in this lawsuit under 42 U.S.C. § 1983, on challenges to the manner in which officials working at Columbia Correctional Institution ("Columbia") have handled his soy allergy and scar tissue on his foot.  The court recently issued an Opinion and Order that:  (1) granted Schlemm leave to proceed against defendants Larry Fuchs, Lucinda Buchanan, Justin Ribault, Jeanie Kramer and Dr. Stephen Murphy on Eighth Amendment deliberate indifference and Wisconsin negligence claims; (2) denied him leave to proceed against proposed defendants Kevin Carr, W. Olson, E. Blount, L. Doehling, M. Block, K. Zenk, E. Davidson and the Doe defendants for lack of personal involvement; (3) further denied him leave to proceed on any claim related to his allegation that he was waiting to see a neurologist; and (4) denied without prejudice Schlemm's motions for a temporary restraining order/preliminary injunction and for appointment of counsel.  (*See* 3/9/22 Op. & Order (dkt. #22).)

     Now Schlemm seeks to supplement his complaint with additional allegations (dkt. ##24, 25), and he has renewed his motions for a temporary restraining order and preliminary injunction (dkt. #26) and for appointment of counsel (dkt. #39).  For the

following reasons, the court will grant Schlemm's motion to supplement, and having considered his additional allegations will grant him leave to proceed against defendant Kramer on an additional claim, reinstate defendants Doehling, Blount and Block and permit Schlemm to develop deliberate indifference and negligence claims against them as well. As for Schlemm's renewed request for a temporary restraining order and preliminary injunction, the court will direct a response from defendants, but only with respect to defendant Kramer's alleged termination of Schlemm's access to certain assistive devices. Finally, the court is again denying without prejudice Schlemm's renewed motion for appointment of counsel.

## OPINION

### I.  Supplemental complaint (dkt. ##24, 25)

Schlemm seeks to submit a "supplemental" complaint. Since his proposed supplement is a stand-alone document that includes all of his proposed claims, parties and allegations, the court takes dkt. #25 to be an amended complaint, grants his motion, and screens that pleading as required by 28 U.S.C. §§ 1915(e)(2), 1915A.

Schlemm's supplemental complaint does not add new defendants; instead, he adds allegations for events that have occurred since filing his complaint. Therefore, the court incorporates by reference the allegations from his original complaint as detailed in its previous opinion and order (dkt. #22, at 2-4) and focuses on the new allegations, accepting them as true and construing them generously and in Schlemm's favor. *See Haines v. Kerner*, 404 U.S. 519, 521 (1972).

2

Schlemm in particular adds that he has lost 63 pounds as a result of continuing issues with his soy allergy, and he clarifies that he has not been receiving adequate medical care for seven years, has not seen a podiatrist in 15 months, and has not seen a doctor in eight months.  Schlemm further alleges that on November 19, 2020, he had an off-site visit with Dr. Murphy, who refused to see him because Schlemm was taken to the appointment late.

Schlemm also includes more details about his May 2021 efforts to receive treatment for his foot scar.  In particular, he adds that his inmate complaint regarding his failed efforts to be seen in the HSU was affirmed because even though he had been referred to podiatry, no appointment was scheduled.  He also alleges that on May 18, 2021, he was seen by defendant Doehling and another nurse who examined his foot.  Although he reported that he had not been seen by a doctor in six months, Doehling and the nurse allegedly did nothing to ensure that he saw a doctor.  Schlemm also asked Doehling for a wheelchair restriction, which Doehling granted but only for longer distances.

Schlemm alleges that in both May and June of 2021, he wrote to defendant Warden Fuchs, his unit manager and defendant Security Director Blount with respect to his inability to obtain medical care for his foot.  Fuchs and Blount did not respond to either communication.

In August of 2021, Schlemm was seen by non-defendant Dr. Lyon.  Schlemm was told that he was supposed to have an off-site neurology consult, which did not occur.  On August 15, Schlemm reached out to defendant Block about this alleged referral for off-site treatment, but Block did not respond.  Schlemm filed an inmate complaint about that missed appointment, which was also affirmed.

On February 6, 2022, Schlemm learned that he no longer had a crutch and wheelchair restriction, apparently because defendant Kramer cancelled it. Schlemm alleges that no one consulted with him before Kramer discontinued the restrictions. Similarly, on February 8, Schlemm learned that Kramer had also cancelled his medical chair restriction, which had permitted him to sit while showering and sit at his cell door while eating his meals. Like the crutch and wheelchair restriction, no one consulted with Schlemm before Kramer cancelled this restriction as well.

Schlemm's new allegations as to Kramer, Doehling, Blount and Block, support Eighth Amendment deliberate indifference and Wisconsin negligence claims. A prison official who violates the Eighth Amendment in the context of a prisoner's medical treatment demonstrates "deliberate indifference" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997). "Serious medical needs" include (1) life-threatening conditions or those carrying a risk of permanent serious impairment if left untreated, (2) withholding of medical care that results in needless pain and suffering, or (3) conditions that have been "diagnosed by a physician as mandating treatment." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997). "Deliberate indifference" encompasses two elements: (1) awareness on the part of officials that the prisoner needs medical treatment and (2) disregard of this risk by conscious failure to take reasonable measures. *Forbes,* 112 F.3d at 266. Under Wisconsin law, the elements of a cause of action in negligence are: (1) a duty of care or a voluntary assumption of a duty on the part of the defendant; (2) a breach of the duty, which involves a failure to exercise ordinary care in making a representation or in ascertaining the facts; (3) a causal

connection between the conduct and the injury; and (4) an actual loss or damage as a result of the injury. *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 307 (1987).

Kramer appears to have cancelled restrictions giving Schlemm needed access to a cane and/or wheelchair for transport, and a "medical chair" restriction that permitted him to sit during showers and meals, which he claims is necessary because he cannot walk due to his foot condition. Schlemm claims to have suffered severe discomfort without these restrictions, and further alleges that Kramer cancelled them without any medical reason. These allegations are sufficient to support an inference of deliberate indifference and negligence, so the court will grant Schlemm leave to proceed against Kramer based on these new allegations, in addition to those Schlemm had included in his original complaint.

Schlemm also includes a new allegation implicating Doehling. He now alleges that Doehling refused to ensure that he saw a doctor for his foot condition and then only granted him access to a wheelchair for longer distances, which may support an inference of deliberate indifference and negligence. Although fact-finding may indicate that Doehling did more than outright deny him access to a doctor or had a legitimate basis to only allow him to use a wheelchair for distances, at this point the court accepts that she ignored his clear need to see a doctor and further acted with deliberate indifference in only permitting him access to a wheelchair for longer distances.

Schlemm's new allegations are also sufficient to implicate defendant Blount. Although Schlemm does not detail exactly what he reported to Blount and Fuchs in May and June, the court infers that he complained that he had not been receiving medical care for his foot issues. In its prior order, the court granted plaintiff leave to proceed against Fuchs with skepticism, but ultimately concluded that his allegations passed muster, since

it may be reasonable to infer that Fuchs outright ignored his complaints, as opposed to deferred to medical staff.  (Dkt. #22, at 7-8.)  Given that plaintiff claims that he raised the same concerns with Blount, who also ignored him, plaintiff may pursue deliberate indifference and negligence claims against Blount, with the same caveat that Blount may avoid liability if he deferred to health care professionals about how the health care professionals were handling Schlemm's foot treatment.

As for Block, the court previously dismissed her as a defendant for lack of personal involvement.  Now Schlemm alleges Block apparently made no effort to follow up about Schlemm's neurology consult.  Construing this allegation generously, her failure to ensure that Schlemm's neurology appointment was reset after he missed it might suggest that she consciously disregarded his need for that off-site appointment.  Therefore, the court will grant him leave to proceed against Block as well, on both Eighth Amendment deliberate indifference and negligence claims.

## II. Renewed motion for a temporary restraining order and preliminary injunction (dkt. #26)

Schlemm renews his motion for a temporary restraining order and preliminary injunction, seeking proper medical care for his soy allergy and the scar tissue on his foot. Although not explicit, the court infers that Schlemm seeks an order requiring prison officials to:  (1) reissue his soy free diet and (2) arrange for him to see a doctor about his ongoing issues with scar tissue on his foot.  Plaintiff claims that without access to a soy free diet he is unable to maintain adequate nutrition, and that he needs to see a specialist for his foot because he walks with a permanent limp due to the scar tissue regrowth. However, with one narrow exception, Schlemm's motion is unsupported by evidence of

up-to-date information about either condition, or failed efforts to work through the proper channels at his institution to obtain a soy-free diet or access to medical care for his foot. Indeed, Schlemm attests in his declaration that the most recent time he fell due to his inability to walk was September of 2021, but also that he received medical attention related to that fall.  (*See* Schlemm Decl. (dkt. #27) ¶ 14.)  Moreover, although Schlemm details his weight loss and gastrointestinal symptoms associated with his soy allergy, he has not provided any evidence of his recent efforts to obtain medical attention for those symptoms or that he has renewed his request for a soy-free diet.  Finally, Schlemm recently was transferred to WSPF, and he has not detailed whether he has attempted to obtain the soy-free diet or medical care for his foot at that institution and has been unsuccessful. Therefore, the court remains unconvinced that Schlemm's current circumstances might warrant the relief he requests in his new motion.

That said, the court has concerns about Schlemm's new allegations as to Kramer's February 2022 cancellations of his restrictions.  It appears that up until February of 2022, Schlemm had access to assistive devices and restrictions that helped him travel and manage his pain in a meaningful way.  His allegations further suggest that there was no basis for Kramer to cancel these restrictions and that he is suffering needless pain, or may be rendered immobile, as a result of those cancellations.  Although Schlemm has not alleged that he lacks access to these devices at WSPF, his assertions suggest that he may currently have extreme difficulty moving about his cell or the institution without one or more of these items or restrictions.  Therefore, the court will direct defendants to respond to

Schlemm's motion with respect to his current access to a cane, crutch and/or wheelchair and with respect to any "medical chair" restrictions.

### III. Renewed motion for appointment of counsel

In his renewed motion, Schlemm asks that the court appoint counsel for him, citing the complexity of this case and limited access to legal material because of his incarceration. However, recruitment of counsel at this stage in this lawsuit is not necessary because the court is not persuaded that the legal and factual demands of this lawsuit exceed his abilities to represent himself further. *See Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). As noted in its prior order, recruitment of counsel at this stage is not necessary because (1) this lawsuit is in its beginning stages, and plaintiff's only obligation is to participate in a preliminary pretrial conference, and (2) plaintiff's submissions do not suggest that he is unable to review and understand the materials related to his claims in this lawsuit or participate in the upcoming conference. Schlemm's renewed motion does not change that calculus, and if anything, his amended complaint suggests a very clear understanding of the law and facts governing his claim and an ability to react to this court's orders. Accordingly, the court is denying plaintiff's renewed motion, again without prejudice but with a reminder that this court rarely recruits counsel in its beginning stages and only in circumstances where the plaintiff persuasively shows his inability to litigate the case without an attorney.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion to supplement (dkt. #24) is GRANTED, and in addition to proceeding against defendants Dr. Stephen Murphy, Larry Fuchs, Lucinda Buchanan, Dr. Justin Ribault and NP Jeanie Kramer on Eighth Amendment medical care deliberate indifference and Wisconsin negligence claims (*see* dkt. #22, at 6-10), defendants Doehling, Blount and M. Block are REINSTATED, and plaintiff may also proceed against:

   a) Defendant Kramer on Eighth Amendment deliberate indifference and negligence claims for cancelling plaintiff's cane/wheelchair and medical chair restrictions in February 2022;

   b) Defendant Doehling on Eighth Amendment deliberate indifference and negligence claims for failing to have plaintiff seen by a doctor and providing him access to a wheelchair only for distances;

   c) Defendant Blount on an Eighth Amendment deliberate indifference and negligence claims for ignoring plaintiff's communications about his need for medical attention for his foot; and

   d) Defendant Melissa Block on Eighth Amendment deliberate indifference and Wisconsin negligence claims for her handling of plaintiff's neurology appointment in August of 2021.

2. Defendants are directed to respond to plaintiff's renewed motion for a preliminary injunction (dkt. #26) with respect to plaintiff's current access to a cane, crutch and/or wheelchair, as well as his "medical chair" restriction. Their deadline to respond is **May 4, 2022,** with plaintiff's reply due **May 11, 2022.**

3. Plaintiff's renewed motion for appointment of counsel (dkt. #39) is DENIED without prejudice.

Entered this 13th day of April, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge