IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DAVID A. SCHLEMM,

                        Plaintiff,                    OPINION AND ORDER

        v.
                                                      21-cv-331-wmc
LARRY FUCHS, LUCINDA BUCHANAN,
JUSTIN S. RIBAULT, JEANIE M. KRAMER
and STEPHEN MURPHY,

                        Defendants.

        *Pro se* plaintiff David Schlemm, who currently is incarcerated at the Wisconsin

Secure Program Facility ("WSPF"), is proceeding in this lawsuit under 42 U.S.C. § 1983,

on challenges to how Columbia Correctional Institution ("Columbia") officials handled his

soy allergy and scar tissue on his foot.  Schlemm seeks a preliminary injunction (dkt. #26),

and he has renewed his motion for assistance in recruiting counsel (dkt. #64).  The court

previously denied Schlemm's broad requests for injunctive relief but directed defendants

to respond to Schlemm's request for access to assistive devices since his transfer to WSPF.

Because Schlemm refused to provide defendants' access to his medical records and, in any

event, falls far short of showing entitlement to preliminary injunctive relief, or the need for

attorney assistance, the court is denying both motions.


OPINION

I.      **Motion for preliminary injunction**

        Defendants represent that although they attempted to gather information about

Schlemm's access to assistive devices to respond to Schlemm's motion, Schlemm refused

to sign a medical record authorization form.  Therefore, the only information they can

provide is a Special Handling Summary that lists Schlemm's accommodations.  That form indicates that Schlemm currently has access to crutches and a wheelchair for distances and has a specialized medical mattress in his cell.  (Ex. 1001 (dkt. #45-2) 2.)

In reply, Schlemm does not dispute that he refused defendants' efforts to obtain medical records, and although he says he is willing to sign a more limited medical record release, he does not represent that he informed defense counsel of his willingness to do so. Schlemm concedes that he has access to crutches and a wheelchair, but he claims he does not have access to a medical mattress, citing a Medical Special Handling form dated April 7, 2022.  (Dkt. 63-1.)  Unrelated to his access to assistive devices, Schlemm further argues that prison officials are not scheduling him for surgery to remove the scar tissue, that his pain is not being managed by WSPF staff and that although he is back on the soy-free diet, prison officials cross-contaminate his food.

This record does not entitle Schlemm to a preliminary injunction.  To start, although this court does not compel parties to turn over medical records, when plaintiffs bring claims and seek injunctive relief or damages related to their medical care, the defendants are entitled to access relevant medical records to defend those claims.  Schlemm does not represent that he attempted to carve out a more limited medical record authorization with defendants, nor does he acknowledge his obligation to disclose this information.  Therefore, Schlemm's renewed motion may be denied for that reason alone. If Schlemm continues to refuse to permit defendants to access medical records related to his claims in this lawsuit, he runs the risk that this court will dismiss his claims for failure to prosecute under Federal Rule of Civil Procedure 41(b).

Out of completeness, the court finds that on this very limited record, Schlemm has not made the threshold showing for entitlement to the extraordinary relief he seeks. The court has already concluded that Schlemm's requests for surgery or access to a specialist for his scar tissue and soy allergy are not supported by evidence (dkt. #43, at 7), and Schlemm still has not submitted any evidence that would support those requests. Schlemm has also failed to show that he currently does not have access to adequate assistive devices. There is no dispute that Schlemm has access to crutches and a wheelchair for distance, and although there appears to be a dispute as to whether Schlemm currently possesses a specialized medical mattress, Schlemm has not shown, through his own medical records or through the opinion of a medical professional, that his condition warrants that restriction. So even taking Schlemm's representation that he does not have access to that restriction as true, Schlemm has not proven a likelihood of success on the merits of a claim for a more supportive mattress. Therefore, the court is again denying Schlemm's motion for a preliminary injunction.

## II.    Renewed motion for appointment of counsel

Schlemm again asks that the court appoint him counsel, citing the impact of his physical ailments on his ability to litigate this case. However, recruitment of counsel at this stage in this lawsuit is not necessary because the court is not persuaded that the legal and factual demands of this lawsuit exceed his abilities to represent himself further. *See Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). Schlemm represents that he needs an attorney because he does not have the help of a jailhouse lawyer, as he did in his previous case before the court, but his filings do not show that he cannot litigate this stage of this

lawsuit without an attorney. His submissions are clear, easy to follow and reflect a working understanding of his claims in this case and the applicable legal standards. Therefore, the court is denying this renewed motion, again reminding Schlemm that it is highly unlikely the court will grant any renewed request for counsel, absent a specific showing of exactly what tasks Schlemm is unable to complete without the help of an attorney.

ORDER

IT IS ORDERED that:

1. Plaintiff David Schlemm's renewed motion for a preliminary injunction (dkt. #26) is DENIED.

2. Schlemm's renewed motion for assistance in recruiting counsel (dkt. #64) is DENIED without prejudice.

Entered this 31st day of August, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge