IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID A. SCHLEMM,

                Plaintiff,

v.

LARRY FUCHS, *et al.*,

                Defendants.

ORDER

21-cv-331-wmc

---

Plaintiff David Schlemm is proceeding in this lawsuit on challenges to how Columbia Correctional Institution officials handled his soy allergy and scar tissue on his foot. The state defendants and defendant Stephen Murphy have each filed a motion for summary judgment.[1] Dkts. 169 & 190.

Relevant here, defendant Murphy moves for expedited consideration of his motion to strike the remaining case schedule given that the summary judgment motions are not yet fully briefed. Dkts. 213 & 214. That is because plaintiff asks for an extension of time to respond to defendants' motions and renews his request for counsel. Dkt. 208. He explains in support that when he was placed in segregation in February 2025, his legal materials were seized, and he was prevented from doing any research in the law library. He also states that he has limited education and a learning and speech disability, and was appointed counsel on appeal in a 2019 case.

The court will deny plaintiff's renewed request for counsel without prejudice to its renewal if this case goes to trial. The simple fact that he was appointed counsel several years

---

[1] Defendant Murphy is not a state employee and is represented by different counsel.

ago in another court is not relevant here. This court has repeatedly explained to plaintiff that volunteer counsel is a limited resource. Dkts. 74, 157. Federal civil litigation is generally challenging for most self-represented parties, and their limited knowledge of the law, and limited education, is a common predicament. Plaintiff has nonetheless been able to litigate this case over several years, and his filings do not suggest that his abilities fall before those of the hundreds of plaintiffs who bring cases in this court each year without the aid of counsel, despite any challenges presented by his physical disabilities. At bottom, the court is not convinced that he is unable to prepare responses to the summary judgment motions.

But the court acknowledges that plaintiff's movement and resources are limited on segregation status, so it will grant him a generous extension of his response deadline to accommodate his circumstances. Dkt. 208. Plaintiff must do his best to respond, and has until October 21, 2025 to file his responses to defendants' two summary judgment motions. Defendants' counsel for the state defendants will be ordered to ensure that plaintiff has access to the law library and his legal materials to prepare his responses.

The court will also grant defendant Murphy's motions to strike the case schedule, Dkts. 213 & 214, to be reset at a telephonic scheduling conference that the clerk's office will schedule once the summary judgment motions are fully briefed.

ORDER

IT IS ORDERED that:

1. Plaintiff's motion for counsel, Dkt. 208, is DENIED without prejudice to its renewal if this case proceeds to trial.

2. Plaintiff's request for an extension of time to respond to defendants' motions for summary judgment, Dkt. 208, is GRANTED. Plaintiff's responses are due October 21, 2025.

3. Defendant Murphy's motions to strike the case schedule, Dkts. 213 & 214, are GRANTED. The remaining case schedule is STRUCK to be reset at a telephonic status conference that the clerk's office will schedule once the summary judgment motions are fully briefed and under advisement with the court.

4. Counsel for the state defendants is ORDERED to ensure that plaintiff has sufficient access to his legal materials and the law library to prepare his responses.

Entered September 3, 2025.

BY THE COURT:

/s/

_____
ANITA MARIE BOOR
Magistrate Judge

3